AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO. 3:08-cv-0838-CRB |
| *This document relates to* | |
| JAMES SIMMONS as heir at law of decedent JOANN PAULA SIMMONS, | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE LLC, | |
| Defendants. | |

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                                    **I.**

6                                    **PRELIMINARY STATEMENT**

7            The Complaint does not state in sufficient detail when Decedent was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").    Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Decedent was prescribed and used Bextra®.

11                                                   **II.**

12                                               **ANSWER**

13                        **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.    Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.    Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

27   or damage, and deny the remaining allegations in this paragraph of the Complaint.

28   2.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

truth of the allegations regarding Plaintiff's and Decedent's age, citizenship, and marital status, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including Arkansas and Washington, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Allegations Regarding Jurisdiction and Venue**

2    6.    Defendants are without knowledge or information to form a belief as to the truth of the

3    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

4    therefore, deny that the same. However, Defendants admit that Plaintiff claims that the amount

5    in controversy exceeds $75,000, exclusive of interests and costs.

6    7.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

8    the amount in controversy, and, therefore, deny the same. However, Defendants admit that

9    Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

10   exclusive of interest and costs. Defendants deny the remaining allegations in this paragraph of

11   the Complaint.

12   8.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

14   which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny

15   committing a tort in the States of Oregon and California and deny the remaining allegations in

16   this paragraph of the Complaint.

17   9.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18   and co-promoted Bextra® in the United States, including California, to be prescribed by

19   healthcare providers who are by law authorized to prescribe drugs in accordance with their

20   approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was

21   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

22   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

23   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

24   admit that they provided FDA-approved prescribing information regarding Bextra®.

25   Defendants admit that they do business in the State of California. Defendants state that

26   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

27   Defendants are without knowledge or information to form a belief as to the truth of such

28   allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    <u>**Response to Allegations Regarding Interdistrict Assignment**</u>

3    10.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7    Panel on Multidistrict Litigation on September 6, 2005.

8    <u>**Response to Factual Allegations**</u>

9    11.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations regarding whether Decedent used Bextra®, and, and, therefore, deny the

11   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12   12.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants are without knowledge or information sufficient to form a belief as to the truth of

17   the allegations regarding whether Decedent used Bextra®, and, and, therefore, deny the same.

18   Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the

19   remaining allegations in this paragraph of the Complaint.

20   13.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

22   same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

23   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

24   14.    Defendants admit that Bextra® was expected to reach consumers without substantial

25   change from the time of sale.  Defendants are without knowledge or information sufficient to

26   form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and,

27   therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

28   Complaint.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

15.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny remaining the allegations in this paragraph of the Complaint.

16.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

18.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this

ANSWER TO COMPLAINT – 3:08-cv-0838-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

2   form a belief as to the truth of such allegations and, therefore, deny the same.

3   20.     The allegations in this paragraph of the Complaint are not directed toward Defendants

4   and, therefore, no response is required.   To the extent a response is deemed required,

5   Defendants state that Plaintiff fails to provide the proper context for the allegations in this

6   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

7   form a belief as to the truth of such allegations and, therefore, deny the same.

8   21.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the

9   Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

10   of such allegations and, therefore, deny the same.

11   22.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

12   vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

13   the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

14   conduct and deny the remaining allegations in this paragraph of the Complaint.

15   23.     Plaintiff does not allege that Decedent used Celebrex® in this Complaint.  Nevertheless,

16   Defendants admit that Celebrex® was launched in the United States in February 1999.

17   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

18   FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

19   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

20   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21   with their approval by the FDA.  Defendants admit that, during certain periods of time,

22   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

23   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

24   providers who are by law authorized to prescribe drugs in accordance with their approval by the

25   FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

26   directed toward Defendants and, therefore, no response is required.  To the extent a response is

27   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

28   allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    therefore lack sufficient information or knowledge to form a belief as to the truth of such

2    allegations and, therefore, deny the same. Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    24.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

5    on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

6    FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

7    and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

8    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

9    ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

10   such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in

11   this paragraph of the Complaint.

12   25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

13   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

14   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants admit

15   that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated

16   in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the

17   signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment

18   of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when

19   used in accordance with its FDA-approved prescribing information. Defendants state that the

20   potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

21   information, which at all times was adequate and comported with applicable standards of care

22   and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

23   26.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information. Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which at all times was adequate and comported with applicable standards of care and law.

27   Defendants deny the allegations in this paragraph of the Complaint.

28   27.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

28.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to characterize the Talk Paper is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint. Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

30.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005. Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text. Any attempt to characterize the testimony is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   deny the remaining allegations in this paragraph of the Complaint.

2   33.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

3   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

4   and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

5   Defendants deny the remaining allegations in this paragraph of the Complaint.

6   34.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

7   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

8   and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10   35.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.    Defendants deny the allegations in this

12   paragraph of the Complaint.

13   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

14   Court to the article for its actual language and text.    Any attempt to characterize the article is

15   denied.    Defendants deny any wrongful conduct and deny the remaining allegations in this

16   paragraph of the Complaint.

17   37.    The allegations in this paragraph of the Complaint are not directed towards Defendants

18   and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

19   state that the referenced articles speak for themselves and respectfully refer the Court to the

20   articles for their actual language and text.    Any attempt to characterize the articles is denied.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   38.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.    Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny the allegations in this paragraph of the Complaint.

27   39.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants deny the allegations in this paragraph of the Complaint.

42.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

43.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

2   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

3   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

4   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.  Defendants

6   state that the potential effects of Bextra® were and are adequately described in its FDA-

7   approved prescribing information, which was at all times adequate and comported with

8   applicable standards of care and law.  Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10   44.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17   effective when used in accordance with its FDA-approved prescribing information.  Defendants

18   state that the potential effects of Bextra® were and are adequately described in its FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants admit, as indicated in the package insert

21   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

22   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

23   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24   45.        Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants are without knowledge or information sufficient to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  the allegations regarding and whether Decedent used Bextra®, and, therefore, deny the same.

2  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

3  caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this

4  paragraph of the Complaint.

5  46.    Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants are without knowledge or information sufficient to form a belief as to the truth of

10  the allegations regarding and whether Decedent used Bextra®, and, therefore, deny the same.

11  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

12  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

13  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

14  that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage,

15  and deny the remaining allegations in this paragraph of the Complaint.

16  **Response to First Cause of Action: Negligence**

17  47.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18  Complaint as if fully set forth herein.

19  48.    Defendants state that this paragraph of the Complaint contains legal contentions to

20  which no response is deemed required.   To the extent a response is deemed required,

21  Defendants admit that they had duties as are imposed by law but deny having breached such

22  duties.  Defendants state that the potential effects of Bextra® were and are adequately described

23  in its FDA-approved prescribing information, which was at all times adequate and comported

24  with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  deny the remaining allegations in this paragraph of the Complaint.

27  49.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is deemed required.   To the extent a response is deemed required,

1  Defendants admit that they had duties as are imposed by law but deny having breached such

2  duties. Defendants state that Bextra® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

4  this paragraph of the Complaint.

5  50.    Defendants state that this paragraph of the Complaint contains legal contentions to

6  which no response is required. To the extent that a response is deemed required, Defendants

7  admit that they had duties as are imposed by law but deny having breached such duties.

8  Defendants state that Bextra® was and is safe and effective when used in accordance with its

9  FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

10  were and are adequately described in its FDA-approved prescribing information, which was at

11  all times adequate and comported with applicable standards of care and law. Defendants deny

12  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

13  including all subparts.

14  51.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information. Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants are without knowledge or information sufficient to form a belief as to the truth of

19  the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  52.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information. Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27  the Complaint.

28  53.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

2  that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations

3  in this paragraph of the Complaint.

4  54.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

5  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6  55.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

7  injury or damage and deny the remaining allegations in this paragraph of the Complaint.

8  56.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

9  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

10  **Response to Second Cause of Action: Strict Liability**

11  57.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12  Complaint as if fully set forth herein.

13  58.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

15  same.  Defendants admit that Bextra® was expected to reach consumers without substantial

16  change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

17  and effective when used in accordance with its FDA-approved prescribing information.

18  Defendants state that the potential effects of Bextra® were and are adequately described in its

19  FDA-approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.   Defendants deny that Bextra® is defective or

21  unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

22  59.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny the allegations in this paragraph of the Complaint.

27  60.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

61.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

62.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2  with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

3  defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the

4  remaining allegations in this paragraph of the Complaint.

5  64.    Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  65.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

12  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  66.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

19  deny the remaining allegations in this paragraph of the Complaint.

20  67.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

22  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

27  of the Complaint.

28  68.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

1   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2   69.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

3   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4   70.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

5   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6   **Response to Third Cause of Action: Breach of Express Warranty**

7   71.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8   Complaint as if fully set forth herein.

9   72.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

11  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants admit that they provided FDA-approved prescribing information regarding

16  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  73.     Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

19  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants admit that they provided FDA-approved prescribing information regarding

24  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

25  including all subparts.

26  74.     Defendants deny the allegations in this paragraph of the Complaint.

27  75.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

81.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

82.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

1    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    83.    Defendants admit that they provided FDA-approved prescribing information regarding

6    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

7    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

8    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

9    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

10   prescribing information.  Defendants deny the remaining allegations in this paragraph of the

11   Complaint.

12   84.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

14   same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

15   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

16   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

17   the remaining allegations in this paragraph of the Complaint.

18   85.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

20   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

22   this paragraph of the Complaint.

23   86.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the

25   same.  Defendants state that Bextra® was expected to reach consumers without substantial

26   change in the condition from the time of sale.  Defendants deny the remaining allegations in

27   this paragraph of the Complaint.

28   87.    Defendants are without knowledge or information sufficient to form a belief as to the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

91.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

92.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

105.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action: Wrongful Death

112.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff or Decedent and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the

prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Pfizer or persons acting on its behalf after the product left the control of Pfizer.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Decedent knew or should have known of any risk associated with Bextra®; therefore,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-27-

1    the doctrine of assumption of the risk bars or diminishes any recovery.

2                              **Twentieth Defense**

3    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

4    preempted in accordance with the Supremacy Clause of the United States Constitution and by

5    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

6                             **Twenty-first Defense**

7    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

8    the subject pharmaceutical product at issue was subject to and received pre-market approval by

9    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

10                           **Twenty-second Defense**

11   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

12   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

13   and Plaintiff's causes of action are preempted.

14                           **Twenty-third Defense**

15   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

16   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

17   issue under applicable federal laws, regulations, and rules.

18                           **Twenty-fourth Defense**

19   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

20   action concerning matters regulated by the Food and Drug Administration under applicable

21   federal laws, regulations, and rules.

22                           **Twenty-fifth Defense**

23   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

24   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

25   of Comment j to Section 402A of the Restatement (Second) of Torts.

26                           **Twenty-sixth Defense**

27   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

28   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Restatement (Second) of Torts § 402A, Comment k.

2   **Twenty-seventh Defense**

3   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

4   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

5   to § 6 of the Restatement (Third) of Torts: Products Liability.

6   **Twenty-eighth Defense**

7   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

8   Products Liability.

9   **Twenty-ninth Defense**

10  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

11  facts sufficient under the law to justify an award of punitive damages.

12  **Thirtieth Defense**

13  30.    The imposition of punitive damages in this case would violate Defendants' rights to

14  procedural due process under the Fourteenth Amendment of the United States Constitution, the

15  Constitutions of the States of Idaho and California, and would additionally violate Defendants'

16  right to substantive due process under the Fourteenth Amendment of the United States

17  Constitution.

18  **Thirty-first Defense**

19  31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

20  Fourteenth Amendments to the United States Constitution.

21  **Thirty-second Defense**

22  32.    The imposition of punitive damages in this case would violate the First Amendment to

23  the United States Constitution.

24  **Thirty-third Defense**

25  33.    Plaintiff's punitive damage claims are preempted by federal law.

26  **Thirty-fourth Defense**

27  34.    In the event that reliance was placed upon Defendants' nonconformance to an express

28  representation, this action is barred as there was no reliance upon representations, if any, of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants.

**Thirty-fifth Defense**

35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Idaho and California.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff and Decedent; (4) permits  recovery  of  punitive  damages  in  an  amount  that  is  not  both  reasonable  and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-0838-CRB

proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiff or Decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Decedent, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from

1   collateral sources.

2                              **Fifty-first Defense**

3   51.    Defendants' liability, if any, can only be determined after the percentages of

4   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

6   claimants and each and every other person whose fault could have contributed to the alleged

7   injuries and damages, if any, of Plaintiff and Decedent.

8                              **Fifty-second Defense**

9   52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12                             **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

14  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Bextra®.   Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22                             **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25                             **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff or Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2  April 8, 2008                                    GORDON & REES LLP

3

4                                                   By: : _____/s/_____
                                                        Stuart M. Gordon
5                                                       sgordon@gordonrees.com
                                                        Embarcadero Center West
6                                                       275 Battery Street, 20th Floor
                                                        San Francisco, CA 94111
7                                                       Telephone:  (415) 986-5900
                                                        Fax:  (415) 986-8054

8

9  April 8, 2008                                    TUCKER ELLIS & WEST LLP
                                                    .

10

11                                                  By: : _____/s/_____
                                                        Michael C. Zellers
12                                                      michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
13                                                      Los Angeles, CA  90071-2223
                                                        Telephone:  (213) 430-3400
14                                                      Fax:  (213) 430-3409

15                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
16                                                  CORPORATION, AND G.D. SEARLE
                                                    LLC

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-0838-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  April 8, 2008                                     GORDON & REES LLP

6

7                                                    By: :_____/s/_____
                                                          Stuart M. Gordon
8                                                         sgordon@gordonrees.com
                                                          Embarcadero Center West
9                                                         275 Battery Street, 20th Floor
                                                          San Francisco, CA  94111
10                                                        Telephone:  (415) 986-5900
                                                          Fax:  (415) 986-8054
11

12  April 8, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                   By: :_____/s/_____
                                                          Michael C. Zellers
15                                                        michael.zellers@tuckerellis.com
                                                          515 South Flower Street, Suite 4200
16                                                        Los Angeles, CA 90071-2223
                                                          Telephone:  (213) 430-3400
17                                                        Fax:  (213) 430-3409

18                                                   Attorneys for Defendants
                                                     PFIZER INC., PHARMACIA
19                                                   CORPORATION, AND G.D. SEARLE
                                                     LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111